## Kennedy's ex'rs v. Geddes & Co.

1. A promise to accept a bill thereafter to be drawn, for goods to be sold to a third person, is binding in law, and an action will lie for its breach; although at the time the promise was made, the amount of the bill, or precise period when it was payable was unknown: and it is no objection to a bill drawn and presented upon the faith of such a general promise, that it had four months to run, and that interest was calculated on the account, for goods sold—Such being the usual course of dealing, and the drawee making no objection when the bill was presented for acceptance.

2. Where documentary proof is offered for the purpose of discrediting a witness, its relevancy should be made apparent, or it may be rejected.

3. Where a bill presented to a drawee for acceptance, was at his request, left with him, a notice to his executors, after his death, to produce it on the trial of an action against them, for the refusal of their testator to accept, will authorise the admission of parol evidence of its contents, although they deny it ever came to their possession.

4. The death of the defendant, J K, was suggested of record, and a *scire facias* directed to issue to his representatives, without naming them, or characterizing them as executors or administrators; a *sci. fa.* issued, describing R L W and W R H as executors, and was served on them, but they were not formally made parties. The cause, in the margin of the judgment, is thus stated—"Robert Geddes & Co. *v.* Joshua Kennedy's ex'rs," and the entry recites that the parties came by their attornies, and thereupon came a jury, &c; the judgment is, that the plaintiffs recover against the defendants, to be levied of the goods, &c. of J K, dec'd, in the hands of R L W and W R H, his executors. to be administered: *Held*, that the judgment and its recitals was a waiver of all informality, and equivalent to an express assent to be made defendants.

Writ of error to the County Court of Mobile.

THE defendants in error, brought an action of *assumpsit* against the plaintiff's testator. The declaration contains several counts. In the first count, they charge the testator as the acceptor of a bill of exchange, drawn by one Samuel A. Carpenter, on the 15th of March, 1834, for the payment four months after date, of the sum of four hundred and forty-nine 60-100 dollars, to their order. The second count states, that the testator undertook and agreed with the plaintiffs, if they would sell and deliver to Samuel A. Carpenter, certain goods, wares and merchandize, he, the testator, would after such sale and delivery, accept a draft or bill of exchange, to be drawn by Carpenter, for the amount of goods, &c. purchased by him. It is then alleged, that confiding in the promise and undertaking

of the testator, the plaintiffs sold goods, &c. to Carpenter, amounting in value to the sum of four hundred and forty-nine 60-100 dollars; and that on the 15th of March, 1834, Carpenter drew his bill on the testator, requesting him to pay that sum to the order of the plaintiffs, four months after date. It is further avered, that the bill drawn by Carpenter, as aforesaid, was duly presented to the testator, for acceptance, and that he wholly failed and refused to accept the same, as he had promised to do. The declaration concludes with the usual averment of the testator's liability to pay the plaintiffs, and his promise to do so.

The cause was tried on the general issue, the executors having been previously made parties defendant, instead of Joshua Kennedy, who died pending the suit. On the trial, the defendants excepted to the ruling of the Court. From the bill of exceptions, it appears that the plaintiffs offered and relied upon a deposition of N. Patterson, to establish their right to recover on account of the refusal of the testator to accept the bill therein named. The plaintiffs having given notice to the defendants to produce the bill on the trial, demanded its production, but the defendants did not produce it, alleging as an excuse, that it was not in their possession. The plaintiffs offered no other evidence.

The defendants then, to impeach the credibility of N. Patterson, the plaintiff's witness, offered certain papers, which he proposed to prove, were in his hand writing. This evidence was objected to, as irrelevant, and excluded by the Court.

The defendants counsel prayed the Court to instruct the jury, that the evidence adduced by the plaintiffs, was not sufficient to authorise them to recover; and that it should be disregarded. This, the Court refused, and instructed the jury, that if from the testimony, they were satisfied the testator promised to accept the bill, and after the goods were sold he refused to accept, and that the bill was left with him, then it was a violation of a contract, and the plaintiffs were entitled to recover under the second count, the amount of damages they had sustained. "To which the defendants excepted" &c.

The deposition of Patterson, is a minute recital of the facts to which the witness testifies. In substance, it proves the promise and undertertaking of the testator to pay the plaintiffs.

for such goods as they might sell and deliver to Samuel A. Carpenter. The sale of goods amounting (with interest added, on the amount for provisions, for two months) to four hundred and forty-nine 60-100 dollars. The witness states that it was the custom to add interest after sixty days, on accounts for provisions sold; that he understood from Carpenter and the testator, that they were in partnership in building a mill, and that the debt contracted by Carpenter with the plaintiffs, was to promote the erection of the same. Witness knows that the credit was given to Carpenter upon the promise of the testator to accept a bill, and the testator admitted to the witness, that such was the fact. The witness further testified, that a bill of four hundred and forty-nine 60-100 dollars was drawn on the testator on the 15th of March, 1834, payable to the plaintiffs, four months after date, which bill, he (the witness,) presented as the agent of the plaintiffs to the testator and requested his acceptance thereof: the testator told the witness to leave the bill, and he would see Carpenter, and call down in a day or two, but would not then accept it. The testator in a conversation more than two years afterwards, told the witness, that he would not accept the bill, or pay any more for Carpenter, as the latter had made the mill cost more than it should have cost.

Stewart, for the plaintiff in error. The evidence of Patterson should have been disregarded as being insufficient to entitle the plaintiffs to recover. Kennedy v. Geddes & Co. 8 Porter's Rep. 263; 17 Serg't & R. Rep. 45. The promise of Kennedy, if made, as testified, was invalid in itself, and besides was too indefinite and general in its terms to subject him to an action for a breach. The evidence offered to discredit the plaintiff's witness, was improperly rejected, and parol evidence of the contents of the bill, alleged to have been presented to Kennedy for acceptance, was improperly received; as it was, it did not show that the bill was delivered to him.

The Court also erred in the charge to the jury, in not requiring the proof to be sufficiently broad to make out the case stated in the second count of the declaration. It is not supposed by the charge, that it was necessary the goods should have been delivered to Carpenter upon the faith of Kennedy's promise, but

that it was enough for the plaintiffs to show a promise by Kennedy to accept the bill of Carpenter, and a refusal to do so, aftc the sale of the goods to the latter. This was an obvious mis-conception of the undertaking to accept.

But if all the objections stated are untenable, then it is insisted that the executors of Joshua Kennedy, were not regularly made parties, and no judgment could· be rendered against them.

LESESNE, for the defendant. When this cause was in this Court, in the life-time of Joshua Kennedy, it was held, that the proof was insufficient to charge him as an acceptor. 8 Por-Rep. 263. But since that time, a declaration has been filed, the second count of which charges a failure or refusal to accept according to a previous promise and undertaking, and the question now, is, does the proof sustain that count. An action will lie upon the breach of a promise to accept a bill, if the promise be founded upon a sufficient consideration. Towns-ley v. Samuel, 2 Peters' Rep. 170; Boyce & Henry v. Edwards, 4 Peters' Rep. 111; Smith v. Brown, 6 Taunt. Rep. 340; Chitty on Bills, 9 Am. ed. 326; Bailey on Bills, (last ed.) 166, note G; Lang v. Barclay, 1 B. & C. Rep. 399; McEver v. Main, 10 Johns. Rep. 215; see also, 2 Wheat. Rep. 66.

With respect to the evidence offered by the plaintiffs in error to discredit the testimony of the witness, Patterson, it may be sufficient to remark that its exclusion is not made the ground of exception, and cannot, consequently, be assigned for error. Bank of Alabama v. McDade, 4 Porter's Rep. 352. But if the question of its admissibility were raised, it would be held, that the County Court properly excluded it as irrelevant testimony. Lawrence v. Barker, 5 Wend. Rep. 301, '2, '5; 2 Phil. Ev. 729, C. & H. ed.

The death of Joshua Kennedy was duly suggested, and a *scire facias* thereupon issued, and served on the defendants as his executors, who appeared and went to trial. This, it is presumed, will estop them from insisting upon a formal order reviving the cause against them.

COLLIER, C. J.—The questions now presented for decision, are essentially different from those that were considered when this cause was here at a previous term. The main ques-

tion then was, "whether a verbal promise, to accept a bill, not
*in esse*, will, in law, amount to an acceptance." While the
Court recognized the principle, "that a promise, in writing, to
accept a bill of exchange, not *in esse*, will be in law, an accep-
tance, if the bill be taken on the faith of such promise," they
were of opinion, that as in this case, "it was uncertain for what
amount the bill was to be drawn, when it was to be drawn,
and when payable," the promise did not amount to an accep-
tance. 8 Porter's Rep. 263.

By taking issue upon the declaration, there was a tacit ad-
mission, that the cause of action was legally sufficient, and the
questions arising at the trial, relate to the admissibility and
sufficiency of the proof adduced by the parties, and the charge
to the jury. But if the defendant had interposed a demurrer
to either of the counts of the declaration, it would have availed
him nothing. The first count, is undeniably good, while it is
insisted, that the second, is defective, in seeking to recover up-
on a promise obnoxious to the statute of frauds. This objec-
tion cannot be maintained by authority. In Townsley v. Sum-
rall, 2 Peters' Rep. 170, which was an action upon a promise
made by the defendant, as a partner in a mercantile concern,
that the firm would accept a draft, or drafts, to be drawn on
them by one Waters, in favor of the plaintiff. The Court was
of opinion that the action was maintainable, notwithstanding
the number and amount of the bills may not have been stipula-
ted by the parties; and that it was not a promise to answer for
the debt, &c. of another within the statute of frauds, but a pri-
mary and independent engagement. So, in Boyce and Henry
v. Edwards, 4 Pet. Rep. 122, the Court say, "the distinction
between an action on a bill, as an accepted bill, and one found-
ed on a breach of promise to accept, seems not to have been
adverted to. But the evidence necessary to support the one
or the other, is materially different. To maintain the former,
as has been already shown, the promise must be applied to the
particular bill alleged in the declaration to have been accepted.
In the latter, the evidence may be of a more general character,
and the authority to draw, may be collected from the circum-
stances, and extended to all bills, coming fairly within the scope
of the promise." See also, Chitty on Con. 4 Am. ed. 348; Chit-
ty on Bills, 9 Am. ed. 308, and cases there cited. Let these

37

citations, suffice to show, that the second count discloses a good cause of action in averring the promise to accept, for goods to be sold to Carpenter, the sale of the goods upon the faith of the promise, the drawing of the bill by Carpenter, and the refusal of Kennedy to accept it.

The papers offered by the defendants to impeach the credibility of the witness, Patterson, are, an account of Samuel A. Carpenter with John B. Page & Co. dated in 1833, a note of Carpenter to Joshua Kennedy, dated September 19th 1833, for the payment of three hundred and fifteen dollars and nine cents, at four months, and a bill drawn by Carpenter on Kennedy, on the 16th November, 1833, for the payment to John B. Page & Co. of the sum of four hundred and ninety-four dollars twenty-two cents, at four months date. We are unable to discover, from any thing in the record, what relation these papers had to the testimony of the witness, and are consequently of opinion, that they were properly rejected by the County Court, as irrelevant.

The evidence adduced by the plaintiffs, if credited by the jury, was entirely sufficient to authorise their verdict. It proves a promise, by the testator, to accept a bill for goods to be sold by the plaintiffs to Carpenter, the sale upon the faith of the promise, the drawing of the bill in a reasonable time thereafter, its presentation to Kennedy, and his refusal to accept. It was no objection to the bill, that it was payable four months after date, and that interest was added on the account after sixty days. The witness states that such was the usual course of dealing, where accounts were of the character of that made by Carpenter, and we must intend, that the testator's promise, was made in reference to the mercantile usage in such cases ; the more especially as he placed his refusal to accept the bill upon grounds entirely distinct from the length of time it had to run, or the addition of interest upon the account.

But it is objected, that the bill should have been produced at the trial, or its absence more satisfactorily accounted for. It appears from the evidence, that upon its presentation to the testator, he desired it to be left with him for a few days, that he might determine whether he would accept it. It is not shown that he ever returned it, or that he was called on by the plaintiffs, or their agent to learn his determination. The con-

versation, which Patterson states in his deposition, he had with the testator, appears to have taken place more than two years after the bill was left with him, for acceptance. The reasonable inference then is, that the bill remained with the testator, and its non-production upon a notice to his executors authorised the admission of parol evidence of its contents.

It must be admitted that the proceedings in the County Court, to bring in the executors of Kennedy, are loose and informal. The death of the testator is suggested of record, and a *scire facias* directed to issue to his representatives, without stating who they are, and whether executors or administrators. A *scire facias* issued, in which Robert L. Walker and William R. Hallett, are described as executors, which appears to have been duly served upon them, but without formally making them parties: the cause was tried by a jury. The statement of the case in the margin of the judgment, is "Robert Geddes & Co. v. Joshua Kennedy's executors." The entry recites, that the parties came by their attornies, and thereupon came a jury, &c.; the judgment is, " that the plaintiffs recover against the defendants, to be levied of the goods and chattels of the said Joshua Kennedy, deceased, in the hands of William R. Hallett & Robert L. Walker, his executors to be administered" &c. The description of the plaintiffs in error, in the *scire facias*, as executors of the original defendant, the service of that process on them, which required them to shew cause why the suit should not be revived, the designation of them in the judgment, as executors, and the recital that the executors appeared and went to trial, was a waiver of all informality, and equivalent to an express assent to be made defendants.

The charge to the jury, seems to us, to be entirely consistent with the law, as we have laid it down. It obviously contemplates that the plaintiffs must have sold goods to Carpenter, upon the faith of Kennedy's promise. The charge contemplates *in totidem verbis*, the promise to accept for goods to be sold, the sale of the goods, and the refusal to accept. This, taken in connection with the evidence in the record, sufficiently shows the meaning of the Court, was, that the sale of the goods should have been made, in reliance upon the testator's promise for payment.

This view is decisive of the case, and the consequence is, the judgment of the County Court is affirmed.